Estate of Jane C. Dunlop, Deceased, Margaret E. Dunlop, Executrix v. Commissioner. Margaret E. Dunlop v. Commissioner. Stuart K. Dunlop v. Commissioner. Alexander C. Dunlop v. Commissioner. Donald C. Dunlop v. Commissioner. Ker Donald Dunlop v. Commissioner.
Estate of Jane C. Dunlop v. Commissioner
Docket Nos. 6853, 7246, 7247, 7248, 7249, 7250.
United States Tax Court
1947 Tax Ct. Memo LEXIS 298; 6 T.C.M. (CCH) 159; T.C.M. (RIA) 47040; February 20, 1947
Guy Chase, Esq., E-1512 First National Bank Bldg., St. Paul 1, Minn., for the petitioners. Maurice S. Bush, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: These procedings were consolidated for hearing and involve transferee liability in the amount of $3,357.61 for income tax of the estate of Ker D. Dunlop, deceased, for the year 1941. The issue is whether the estate is taxable on the amount of $14,580 received as dividends on stock. The evidence consists of a stipulation of facts and exhibits introduced at the hearing. The agreed facts are adopted by references as our findings of fact. [The Facts] The petitioners (Jane C. Dunlop died July 19, 1946, after filing a petition) were the heirs-at-law of Ker D. Dunlop, who died *299 intestate on May 6, 1939, a resident of Minnesota. The assets of the estate of the decedent included 2,044 shares of stock of the St. Paul Union Stockyards Co., of which 100 shares were distributed to petitioner Stuart K. Dunlop in April 1941 as an advancement. On about July 26, 1941, the estate of the decedent received a dividend of $14,580 on 1,944 shares of stock still outstanding in the name of the decedent. On August 19, 1941, in accordance with an agreement of the heirs, the stock was distributed to the heirs in agreed proportions. The final account of the administrators of the estate of the decedent was filed on May 21, 1941. On August 18, 1941, a supplemental account, including transactions from May 21, 1941, to and including July 19, 1941, was filed. The dividend of $14,580 was not included in the accountings. No other accountings were filed by the administrators of the estate. The probate court allowed the final account and only supplement thereto, and filed its final decree of distribution of the estate, on August 18, 1941. The decree recites that the "estate has been fully administered"; that certain advancements had been made; that "the residue of said estate" before *300 payment of such advances and inheritance taxes and interest, consisted of personal property in the amount or value of $64,577.57, as listed therein, and that the property set forth therein and all other estate of the decedent in the State of Minnesota, subject to any lawful disposition theretofore made, "is hereby assigned to and vested in" specified persons in designated proportions. On September 11 and 17, 1941, the administrators distributed the dividend of $14,580 to the heirs in specified proportions. The remaining cash in the hands of the administrators was distributed to the heirs on November 3, 1941. On November 19, 1941, the heirs acknowledged receipt of the residual estate of the decedent and consented to the discharge of the administrators. The administrators were finally discharged by the probate court on November 24, 1941. The fiduciary income tax return filed by the administrators for 1941 did not include the dividend of $14,580 in computing the taxable income of the estate. The portion thereof received by each of the petitioners from the administrators was included in the taxable income he or she reported in returns filed with the collector at St. Paul, Minnesota, *301 for the year 1941. In his determination of the deficiencies involved herein, the respondent held that the dividend of $14,580 constituted income of the estate of the decedent for the year 1941 and that no part thereof was deductible for income tax purposes. The petitioners admit transferee liability and are not contesting the action of the respondent in including the dividend in the income of the estate. The parties differ only on whether the dividend is allowable as a deduction under the provisions of section 162(c) of the Revenue Act of 1938. [1] The contention of respondent is that the dividend was received by the heirs as corpus under the law of Minnesota after the completion of administration of the estate, and as the receipt of such an inheritance is exempt from tax under the provisions of section 22(b) (3), [2] it is nondeductible under section 162(c), the general purpose of the latter section being to tax estate income either to the estate or the beneficiaries thereof, under the doctrine of . He says that the statutes of Minnesota make no provision for assignment of income of estates, they being limited to assignment of the *302 estate to the persons entitled thereto by decree entered after settlement and allowance of the accounts of the representative. The contention of the petitioners is, in general, that the dividends were paid out as income in the year in which they were received. *303 The question is not a new one. It has been held that where current income of an estate is distributed along with corpus in a final settlement under a will, the portion representing income is part of the legacy, not a distribution of income, as such, and therefore not taxable income to the legatees in the year of its receipt. ; ; ; . See ; affirmed . We see no reason to depart from the rule here because the decedent died intestate. The petitioners have not called our attention to any state statute entitling heirs to income, as such, of an estate either during the course of administration or upon final distribution. Here only a final decree of distribution was entered by the probate court upon settlement of the estate and such decree made no segregation of income and corpus. The amount involved herein was not included in the accountings of the administrators and *304 was not specifically assigned by the court, it being included in the residuary estate as "all other estate of the decedent in the State of Minnesota." The dividend was an increment to corpus and was commingled with principal in the final distribution. Under the circumstances we do not think the result is any different than it would have been if petitioners had received the distributions by way of a bequest. Though the heirs did receive the amounts involved during the year, such receipt was not of income as such. . In our opinion, though of course the amounts were received by the estate, within the text of the first portion of section 162(c), they were not "properly paid or credited" to the heirs, within the intendment of the latter part of that section, not being paid or credited as income. Accordingly, Decisions will be entered for the respondent. Footnotes
1. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * *
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary. ↩
2. SEC. 22. GROSS INCOME. * * *
(b) Exclusions from Gross Income. - The following items shall not be included in gross income and shall be exempt from taxation under this title: * * *
(3) Gifts, Bequests, and Devises. - The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).↩